# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CEDRICK EURON DRAPER,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No.: 7:18-cv-111 |
| | ) |
| v. | ) |
| | ) |
| **NEW RIVER VALLEY PIZZA LLC,** | ) By: Hon. Robert S. Ballou |
| *d/b/a Domino's Pizza* | ) United States Magistrate Judge |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION

This action represents the third attempt of Plaintiff, Cedrick Euron Draper, who is proceeding *pro se*, to sue his former employer, Defendant New River Valley Pizza LLC, claiming that he was terminated because of his race. Like the prior suits, Plaintiff fails to state a cause of action, and, therefore, I dismiss this action after review under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff's complaint is a rambling and at places a nonsensical attempt to explain the termination of his employment. See Dkt. 2 & 3. Plaintiff asserts in his complaint and brief in support of his complaint that he worked as a pizza delivery driver. A customer complained that a driver with a vehicle similar to Plaintiff's became involved in a road rage incident. Defendant concluded that Plaintiff was involved and terminated him. Plaintiff complains that he was terminated because of his race and draws that conclusion from the description of the pizza delivery driver given by the other person involved in the incident. Plaintiff seems to conclude

---

[1] Plaintiff filed a motion to proceed *in forma pauperis*. Dkt. 1. Defendant filed an answer to the complaint before the court addressed the IFP motion.

1

that his race was the reason for his termination because Defendant's supervisors did not adequately investigate the incident.

Plaintiff's prior actions against Defendant have contained similar vague allegations of termination from employment, which he claims were racially motivated. In both actions, Plaintiff requested leave to proceed *in forma pauperis*, but both met the same fateful conclusion of dismissal without prejudice after review under § 1915(e)(2)(B) for failure to allege sufficient facts to establish federal subject matter jurisdiction.

In <u>Draper v. New River Valley Pizza, LLC</u>, No. 7:17-cv-380 (W.D. Va. Aug. 30, 2017) (the "First Suit"), Plaintiff filed suit claiming racial discrimination under Title VII and 42 U.S.C. § 12203. Plaintiff claimed that his superiors instructed him to leave his shift at Domino's Pizza to purchase a new belt. Defendant allegedly received reports that Plaintiff was involved in a road rage incident during this trip, and terminated him the next day. Plaintiff claimed that Defendant's decision to terminate him was based in part on his previous employment at Pizza Hut. Plaintiff did not allege any facts showing that he was terminated because of his race. Chief United States District Judge Michael F. Urbanksi dismissed Plaintiff's case without prejudice for lack of subject matter jurisdiction under § 1915(e)(2)(B), explaining that "[t]here are no allegations in the amended complaint or in any of the documents filed by Draper suggesting that his claims fall within the protections afforded by Title VII or that he has been discriminated against in violation of federal law."

In <u>Draper v. New River Valley Pizza, LLC</u>, No. 7:17-cv-382 (W.D. Va. Aug. 30, 2017) (the "Second Suit"), Plaintiff filed suit under 28 U.S.C. § 4101 and 18 U.S.C. § 1001. Plaintiff relied on the same facts as in the First Suit. Additionally, Plaintiff alleged that Defendant terminated him without proof that he was the individual involved in the road rage incident and

that there were other cars similar to his in that area. Judge Urbanksi again dismissed the second suit without prejudice for lack of subject matter jurisdiction under § 1915(e)(2)(B), explaining that neither 28 U.S.C. § 4101 nor 18 U.S.C. § 1001 establish federal question jurisdiction over Plaintiff's claim.

Since March 30, 2017, Plaintiff has filed twenty-six actions in this district against various defendants, including Muy Pizza Southeast LLC (seven times), Virginia Mirror Company (three times), Lyft, Inc. (once), TMC Finance LLC (three times), New River Valley Pizza LLC (three times), Geico Secure Insurance Company (once), Adecco USA, Inc. (once), Pinkerton Chevrolet – Lynchburg, Inc. (once), the Charlottesville General District Court (once), the Henry County General District Court (once), the United States Postal Service (twice), the Danville Division of the United States District Court for the Western District of Virginia (once), and several private persons.[2]

---

[2] See Draper v. New River Valley Pizza LLC, 7:18-cv-111 (W.D. Va. 2018) (pending); Draper v. U.S. Postal Serv., 3:18-cv-10 (W.D. Va. 2018) (pending); Draper v. U.S. Postal Serv., 3:18-cv-9 (W.D. Va. 2018) (pending); Draper v. Charlottesville Gen. Dist. Court, 3:18-cv-22 (W.D. Va. May 16, 2018) (dismissed for lack of subject matter jurisdiction); Draper v. TMC Fin. LLC, 6:18-cv-36 (W.D. Va. May 7, 2018) (dismissed for lack of subject matter jurisdiction); Draper v. Muy Pizza S.E. LLC, 4:18-cv-13 (W.D. Va. Apr. 27, 2018) (dismissed as frivolous); Draper v. Skaff, 7:18-cv-159 (W.D. Va. Apr. 17, 2018) (dismissed for lack of subject matter jurisdiction); Draper v. Henry Cnty. Dist. Court, 4:18-cv-21 (W.D. Va. Apr. 17, 2018) (dismissed as frivolous); Draper v. Pinkerton Chevrolet – Lynchburg, Inc., 6:18-cv-49 (W.D. Va. Apr. 12, 2018) (dismissed as frivolous); Draper v. TMC Fin. LLC, 6:18-cv-37 (W.D. Va. Apr. 9, 2018) (dismissed for lack of subject matter jurisdiction); Draper v. Adecco USA, Inc., 6:18-cv-50 (W.D. Va. Apr. 5, 2018) (dismissed as frivolous); Draper v. U.S. Dist. Court for the W. Dist. of Va. Danville Div., 4:18-cv-17 (W.D. Va. Apr. 3, 2018) (dismissed as frivolous and malicious and for failure to state a claim); Draper v. TMC Fin. LLC, 6:18-cv-35 (W.D. Va. Mar. 15, 2018) (dismissed as frivolous); Draper v. Muy Pizza S.E. LLC, 4:18-cv-12 (W.D. Va. Mar. 15, 2018) (dismissed as case was previously dismissed with prejudice); Draper v. Geico Secure Ins. Co., 4:18-cv-14 (W.D. Va. Mar. 15, 2018) (transferred); Draper v. Lyft, Inc., 6:17-cv-80 (W.D. Va. Dec. 19, 2017) (dismissed voluntarily); Draper v. New River Valley Pizza, LLC et al., 7:17-cv-382 (W.D. Va. Aug. 30, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. New River Valley Pizza, LLC et al., 7:17-cv-380 (W.D. Va. Aug. 30, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Va. Mirror Co. et al., 4:17-cv-64 (W.D. Va. Aug. 22, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Va. Mirror Co. et al., 4:17-cv-63 (W.D. Va. Aug. 22, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Muy Pizza S.E. LLC et al., 4:17-cv-62 (W.D. Va. Aug. 22, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Muy Pizza S.E. LLC et al., 4:17-cv-61 (W.D. Va. Aug. 22, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Va. Mirror Co. et al., 4:17-cv-57 (W.D. Va. Aug. 16, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Muy Pizza S.E. LLC et al., 4:17-cv-56 (W.D. Va. Aug. 16, 2017) (dismissed for lack of subject matter jurisdiction); Draper v. Muy Pizza Hut S.E. LLC et al., 4:17-cv-42 (W.D. July 13, 2017) (dismissed voluntarily); Draper v. Muy Pizza Hut S.E LLC et al., 4:17-cv-18 (W.D. Va. June 7, 2017) (dismissed for failure to pay filing fees).

Plaintiff sought leave to proceed *in forma pauperis* in twenty-three cases.[3] Twenty-two cases have been dismissed on the grounds of voluntary dismissal, failure to pay filing fees, lack of subject matter jurisdiction, and/or legal frivolity.[4] One case was transferred for improper venue.[5] Plaintiff has three cases pending, one of which is this case.[6]

On April 27, 2018, Senior United States District Judge Jackson L. Kiser imposed sanctions on Plaintiff under Fed. R. Civ. P. 11 of $400.00 because of his litigious conduct, and entered a pre-suit injunction against filing a new action in this district. The pre-suit injunction limits Plaintiff from filing a new civil action in this court except under the following conditions[7]:

> (1) For a period of two years, Plaintiff is barred from proceeding *in forma pauperis* in this district in any future matter except habeus corpus cases and cases over which the federal court arguably has subject matter jurisdiction involving claims of imminent danger of serious bodily injury;
>
> (2) For a period of ten years, Plaintiff shall be fined $300 for every case he files in this district that is dismissed, pursuant to 28 U.S.C. § 1915, as frivolous, or for lack of subject matter jurisdiction, untimeliness, or failure to state a claim—unless the judge so dismissing clearly states that there was a good-faith argument against dismissal;
>
> (3) Plaintiff, or anyone acting on his behalf, is hereby required to submit a copy of the Pre-Filing Injunction and this Memorandum Opinion as a necessary component of any new civil action filed in this district; and

---

[3] Plaintiff did not seek leave to proceed *in forma pauperis* in three cases: (1) Draper v. U.S. Postal Serv., 3:18-cv-9 (W.D. Va. 2018); (2) Draper v. U.S. Postal Serv., 3:18-cv-10 (W.D. Va. 2018); and (3) Draper v. Lyft, Inc., 6:17-cv-80 (W.D. Va. Dec. 19, 2017). These cases were filed in state court and removed to federal court.

[4] See note 2.

[5] See Draper v. Geico Secure Ins. Co., 4:18-cv-14 (W.D. Va. Mar. 15, 2018) (transferred).

[6] The other two pending cases are Draper v. U.S. Postal Serv., 3:18-cv-10 (W.D. Va. 2018), and Draper v. U.S. Postal Serv., 3:18-cv-9 (W.D. Va. 2018).

[7] Plaintiff filed this claim on March 15, 2018, prior to Judge Kiser's order. As such, Plaintiff's claim is not subject to Judge Kiser's order.

> (4) Plaintiff will not be permitted to file *any* new action in the Western District of Virginia until the sanctions imposed herein for his violation of Rule 11 is paid in full.

Draper v. Muy Pizza S.E. LLC, 4:18-cv-13, Dkt. 14, at 2 (W.D. Va. Apr. 27, 2018).

A court, under § 1915(e)(2) has "a duty to screen initial filings," Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006), and to dismiss a case "at any time" if it determines that the claim "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (1999). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" (quoting Neitzke, 490 U.S. at 327)). A plaintiff fails to state a claim in federal court if the claim is not based on federal law. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908))).

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's claim cannot merely be conceivable; the claim must state sufficient facts to show that the "claim to relief [ ] is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A plaintiff alleging racial discrimination under 42 U.S.C. § 1981 need not demonstrate exhaustion of administrative remedies. See Johnson v. Portfolio Recovery Assocs., LLC, 682

5

F. Supp. 2d 560, 577 n.12 (E.D. Va. 2009) ("§ 1981 claims, on the other hand, do not require administrative remedies to be exhausted, so the EEOC charge is irrelevant to § 1981 claims. Therefore, the [c]ourt looks only to the allegations of the [c]omplaint in analyzing § 1981 claims."). The elements of a § 1981 case are the same as in a Title VII case. See Lewis v. Cent. Piedmont Cmty. Coll., 689 F.2d 1207, 1209 n.3 (4th Cir. 1982). Plaintiff must prove that: (1) he is a member of a protected class; (2) he was performing satisfactorily; and (3) he suffered adverse employment action; (4) due to intentional racial discrimination. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can be violated only by purposeful discrimination."); Hatton v. Thomasville Furniture Indus., Inc., 2 Fed. Appx. 302, 303 (4th Cir. 2001) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Here, Plaintiff's allegations have the same deficiencies as his prior suits against Defendant. That is, he makes no allegations sufficient to survive the pleading standard under Iqbal and Twombly that Defendant terminated him because of his race.

To the extent Plaintiff attempts to bring a Title VII claim alleging racial discrimination in the workplace under 42 U.S.C. § 2000e et. seq., he must first exhaust his administrative remedies. This requires Plaintiff to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discrimination and adverse employment action. See Tinsley v. First Union Nat. Bank, 155 F.3d 435, 439 (4th Cir. 1998); see also Zipes v. Trans World Airlines, 455 U.S. 385, 398 (1982) ("[C]ompliance with the filing period [is] not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires."). Plaintiff must then receive a right-to-sue letter from the EEOC and file suit within 90 days thereafter. See Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993); see also Davis v. N.C. Dep't of Corr.,

48 F.3d 134, 140 (4th Cir. 1995) ("We have long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint."). The failure of a plaintiff to exhaust his administrative remedies deprives the federal court of jurisdiction to hear a Title VII discrimination claim. See Jones v. Calvery Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Here, Plaintiff has not alleged that he received, or is entitled to receive, a right-to-sue letter from the EEOC, and thus, has not alleged sufficient facts to establish subject matter jurisdiction in this court.

Judge Urbanksi dismissed Plaintiff's previous actions against Defendant without prejudice.[8] Plaintiff has not alleged any additional or different facts that Defendant engaged in racial discrimination when it terminated his employment. Three times Plaintiff has filed suit against Defendant asserting claims relating to the termination of his employment. He has yet to survive review under § 1915(e). Leave should be liberally granted to allow a plaintiff to allege sufficient facts to move forward. Goode v. Cent. Va. Legal Aid Soc'y, 807 F.3d 619, 626 (4th Cir. 2015) (holding that dismissal without prejudice of a plaintiff's Title VII complaint due to insufficient factual allegations "invites [ ] an amendment [to the complaint]"). Plaintiff had ample opportunity to allege sufficient facts that state a plausible federal claim for relief. Thus, I decline to give Plaintiff an opportunity to amend, as doing so would be futile.

---

[8] See Draper v. New River Valley Pizza, LLC et al., 7:17-cv-382 (W.D. Va. Aug. 30, 2017) (dismissed); Draper v. New River Valley Pizza, LLC et al., 7:17-cv-380 (W.D. Va. Aug. 30, 2017) (dismissed).

Accordingly, I **GRANT** Plaintiff's motion for leave to proceed *in forma pauperis* and I **DISMISS** Plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Entered: June 8, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge